B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Armato Paving, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**36-3881643** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**19800 Glenwood Rd**<br>**Chicago Heights, IL**<br>ZIP Code **60411** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Armato Paving, Inc.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Armato Paving, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Richard G Larsen**
Signature of Attorney for Debtor(s)

**Richard G Larsen 6193054**
Printed Name of Attorney for Debtor(s)

**Springer Brown, LLC**
Firm Name

**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**
Address

**630-510-0000  Fax: 630-510-0004**
Telephone Number

**July 29, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Dean Armato, Sr.**
Signature of Authorized Individual

**Dean Armato, Sr.**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**July 29, 2015**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Armato Paving, Inc.**  Case No.

Debtor(s)  Chapter  **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Health and Welfare Fund c/oBaum Sigman Auerbach & Neuman 200 W Adams Street, Ste 2200 Chicago, IL 60606-5231** | **Health and Welfare Fund c/oBaum Sigman Auerbach & Neuman 200 W Adams Street, Ste 2200 Chicago, IL 60606-5231** | **Judgment** | | **46,833.33** |
| **Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60602** | **Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60602** | **Tax Years 2013-2014** | **Contingent Unliquidated Disputed** | **30,000.00** |
| **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Street Chicago, IL 60604** | **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Street Chicago, IL 60604** | **Tax Years 2013-2014** | **Contingent Unliquidated Disputed** | **300,000.00** |
| **Laborers Pension Fund c/o Allison, Slutsky & Kennedy, P.C 230 W. Monroe Street, #2600 Chicago, IL 60604** | **Laborers Pension Fund c/o Allison, Slutsky & Kennedy, P.C 230 W. Monroe Street, #2600 Chicago, IL 60604** | **Judgment** | | **116,354.00** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B4 (Official Form 4) (12/07) - Cont.

In re  **Armato Paving, Inc.**                                            Case No. _____

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **July 29, 2015**                                Signature  **/s/ Dean Armato, Sr.**
                                                                 **Dean Armato, Sr.**
                                                                 **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B6D (Official Form 6D) (12/07)

In re  **Armato Paving, Inc.**                                                    ,      Case No. _____
                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**US Bank<br>400 City Center<br>Oshkosh, WI 54901-4969** | | - | **Security Agreement/UCC-1 on all assets**<br><br><br>Value $     150,000.00 | | | | 14,000.00 | 0.00 |
| Account No. | | | <br><br><br>Value $ | | | | | |
| Account No. | | | <br><br><br>Value $ | | | | | |
| Account No. | | | <br><br><br>Value $ | | | | | |
| **_0_** continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 14,000.00 | 0.00 |
| | | | Total<br>(Report on Summary of Schedules) | | | | 14,000.00 | 0.00 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                             Best Case Bankruptcy

.

In re    **Armato Paving, Inc.**                                 ,    Case No. _____
                                      Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                        **1**\_\_\_\_\_ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re  **Armato Paving, Inc.**                     ,  Case No. _____
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Associate Area Counsel, SB/SE**<br>**200 West Adams Street**<br>**Suite 2300**<br>**Chicago, IL 60606** | - | | **Notice Only** | | | | 0.00 | 0.00 | 0.00 |
| Account No.<br>**Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph Street**<br>**Chicago, IL 60602** | - | | **Tax Years 2013-2014** | X | X | X | 30,000.00 | 0.00 | 30,000.00 |
| Account No.<br>**Internal Revenue Service**<br>**Mail Stop 5010 CHI**<br>**230 S. Dearborn Street**<br>**Chicago, IL 60604** | - | | **Tax Years 2013-2014** | X | X | X | 300,000.00 | 300,000.00 | 0.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page)    330,000.00    300,000.00    30,000.00

Total (Report on Summary of Schedules)    330,000.00    300,000.00    30,000.00

B6F (Official Form 6F) (12/07)

In re **Armato Paving, Inc.**  ,   Case No. _____
                               Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Health and Welfare Fund<br>c/oBaum Sigman Auerbach & Neuman<br>200 W Adams Street, Ste 2200<br>Chicago, IL 60606-5231** | - | | **Judgment** | | | | 46,833.33 |
| Account No.<br>**Laborers Pension Fund<br>c/o Allison, Slutsky & Kennedy, P.C<br>230 W. Monroe Street, #2600<br>Chicago, IL 60604** | - | | **Judgment** | | | | 116,354.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__ continuation sheets attached

Subtotal (Total of this page)    **163,187.33**

Total (Report on Summary of Schedules)   **163,187.33**

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Armato Paving, Inc.**                                                                 Case No.
                                    Debtor(s)                                                  Chapter  **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **20,000.00** |
   | Prior to the filing of this statement I have received | $ **20,000.00** |
   | Balance Due | $ **0.00** |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor       ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor       ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **July 29, 2015**                         **/s/ Richard G Larsen**
                                                  **Richard G Larsen**
                                                  **Springer Brown, LLC**
                                                  **400 S. County Farm Road**
                                                  **Suite 330**
                                                  **Wheaton, IL 60187**
                                                  **630-510-0000   Fax: 630-510-0004**

---

## RETAINER AGREEMENT

THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN:

Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
dbrown@springerbrown.com

(hereinafter referred to as "**Attorney**," and;

ARMATO PAVING, INC.

(hereinafter referred to as "**Client**")

Collectively, Attorney and Client are hereinafter referred to as the "**Parties.**"

### WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, Armato Paving, Inc. requires legal services related to its financial affairs that may include the filing of a bankruptcy petition; and

WHEREAS, Client desires to retain Attorney to represent Armato Paving, Inc. with respect to its bankruptcy matters, including filing of a Chapter 11 Petition and to represent Client in regard to the pending collection efforts of various creditors and to provide such services as an independent contractor, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement;

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

**1. Appointment.**

Client hereby appoints Attorney as counsel for Armato Paving, Inc. and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

**2. Engagement**

Attorney hereby accepts said Retainer Agreement and agrees to represent Armato Paving, Inc.

upon the terms and conditions of this Agreement.

### 3. Authority and Description of Services

During the term of this Agreement Attorney shall provide such professional services and advice in connection with such matters as are specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

### 4. Term of Agreement

This Agreement shall become effective upon execution hereof and shall continue thereafter and remain in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

### 5. Advance payment retainer

   a. Attorney shall not be obligated to provide the services described herein until an advance payment retainer in the amount of $20,000.00 for attorney fees and $1,717.00 for the court filing fee is received.
   b. Armato Paving, Inc. acknowledges $10,000.00 of the retainer has been utilized prior to the filing of this case.
   c. The retainer to be paid under this Agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis Attorney will render bills to Client showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this Agreement any surplus of the retainer remaining will be refunded to Client. Attorney has chosen an advance payment retainer in this Agreement because Client is a defendant or potentially a defendant in numerous pending and potential lawsuits and in the event of the entry of an adverse judgment, the balance of the retainer would otherwise be subject to the remedies for collection available to the plaintiff.
   d. Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the Attorney-Client relationship, the amount of the security retainer remaining in the trust account will be refunded to the client.
   e. Client has the option to decline to pay an advanced payment retainer and insist upon the use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

## 6. Duties of Client

The duties of Client are as follows:

a. Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b. Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c. Client shall make himself available for a deposition or examination in the case, if requested.

d. Client shall assist in any negotiations for settlement of the case.

e. Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete and not misleading, in all respects.

f. Client shall keep himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g. Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

## 7. Compensation, billing and payment

Attorney shall be compensated for services hereunder at the rate of $350.00 per hour for pre-bankruptcy services to Client. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs and expenses advanced on behalf of Client. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount shall be charged against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at the rate of eighteen (18%) percent per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

## 8. Termination of Agreement

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in execution of this Agreement on July 29, 2015.

X *[signature]*

Dean Armato, Sr.
President

*[signature]*

Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
rlarsen@springerbrown.com

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Armato Paving, Inc.**                                                            Case No.
                                         Debtor(s)                                        Chapter    **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                **6**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **July 29, 2015**                              **/s/ Dean Armato, Sr.**
                                                      **Dean Armato, Sr.**/**President**
                                                      Signer/Title

```
Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606


Health and Welfare Fund
c/oBaum Sigman Auerbach & Neuman
200 W Adams Street, Ste 2200
Chicago, IL 60606-5231


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604


Laborers Pension Fund
c/o Allison, Slutsky & Kennedy, P.C
230 W. Monroe Street, #2600
Chicago, IL 60604


US Bank
400 City Center
Oshkosh, WI 54901-4969
```

# United States Bankruptcy Court
## Northern District of Illinois

In re **Armato Paving, Inc.**  
Debtor(s)

Case No.  
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Armato Paving, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**July 29, 2015**  
Date

**/s/ Richard G Larsen**  
**Richard G Larsen**  
Signature of Attorney or Litigant  
Counsel for **Armato Paving, Inc.**  
**Springer Brown, LLC**  
**400 S. County Farm Road**  
**Suite 330**  
**Wheaton, IL 60187**  
**630-510-0000 Fax:630-510-0004**